IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CHEN-SHIANG DONALD LIN,

        Plaintiff,

vs.                                                      CIVIL NO.  03-1460 LFG/DJS

JAMES ROCHE, Dr.,

        Defendant.

## MEMORANDUM OPINION AND ORDER
## DISMISSING COMPLAINT WITHOUT PREJUDICE

THIS MATTER is before the Court on Defendant Secretary of the Army James Roche's ("Roche") Motion to Dismiss [Doc. 6]. Roche brings his motion pursuant to Fed. R. Civ. P. 12(b)(1), asserting that the Court lacks jurisdiction as Plaintiff Chen-Shiang Donald Lin ("Donald Lin") failed to exhaust administrative remedies. Donald Lin's response would have been due no later than March 15, 2004, but no response was filed. Thus, this matter is ready for resolution. After careful consideration of the pleadings, attachments and pertinent law, the Court grants Roche's Motion to Dismiss, and dismisses Donald Lin's Complaint, without prejudice.

### Background

A review of the District of New Mexico's docket shows that this is Donald Lin's fourth lawsuit arising out of the same facts and circumstances.[1] Each of the prior lawsuits was dismissed for procedural irregularities.[2]

---

[1] *See* Chen-Shiang Donald Lin v. F. Whitten Peters, D.N.M. CIV 98-1470; Chen-Shiang Donald Lin v. Dr. James Coche [sic], D.N.M. CIV 01-1439; Chen-Shiang Donald Lin v. Dr. James Roche, D.N.M. CIV 02-1264.

[2] A court may take judicial notice of its own records. Fed.R.Evid. 201; Logan v. United States, 272 F. Supp. 2d 1182, 1184 (D. Kan. 2003).

Roche's Memorandum in Support of Motion to Dismiss demonstrates that in 1998, Donald Lin was employed as an electrical engineer with the Department of the Air Force's research laboratory at Kirtland Air Force Base and was a member of the Theory and Computation Group. (Ex. 1, Dietz Declaration, ¶ 2).  On June 19, 1998, he filed a complaint of discrimination with Kirtland's EEO office.  (Ex. 2, Strickland Declaration, ¶ 3).  The basis of his complaint was that David Dietz, his supervisor, gave him notice of contribution deficiencies to improve; that Dietz wrote on a feedback session form, "your threat to complain to EEO is hardly objective;" and that "David Dietz failed to provide him with computer equipment necessary to perform his duties." (Ex. 2, Complaint of Discrimination).

On July 20, 1998, Kirtland's EEO office dismissed Roche's complaint (Ex. 2, ¶ 4).  Donald Lin promptly filed an appeal with the Equal Employment Opportunity Commission ("EEOC"), Office of Federal Operations ("OFO").  (Ex. 2).  While his appeal was pending, Donald Lin nonetheless filed a civil rights lawsuit in federal court on December 1, 1998 (D.N.M. CIV 98-1470).  That lawsuit developed out of the same facts and circumstances which gave rise to the EEO complaint, which was pending appeal in the OFO.  (Ex. 2).  Because Donald Lin filed suit in the United States District Court on the basis of the same allegations raised in his EEO complaint, his EEO complaint and OFO appeal were dismissed.  (Ex. 3, Dismissal of Appeal).

On August 29, 2001, Defendant Peters moved the federal district court to dismiss Civ No. 98-1470 based on the argument that Donald Lin failed to exhaust his administrative remedies.  (CIV. 98-1470, Doc. 29).  The court granted Peter's motion in a Memorandum Opinion and Order (CIV 98-1470, Doc. 35), finding that Donald Lin failed to exhaust his administrative remedies.

Notwithstanding that dismissal for failing to exhaust administrative remedies, on December 26, 2001, Donald Lin filed a second complaint against James Coche [sic]. (CIV 01-1439). An examination of that complaint shows that the claims are identical to those Lin raised in his first complaint (CIV 98-1470) which was dismissed. (CIV 01-1439, Doc. 1). Because Donald Lin did not properly effect service of process on the defendant, the court issued an order to show cause on July 9, 2002, directing that Donald Lin show cause why his second complaint should not be dismissed. (Civ. 01-1439, Doc. 12). Donald Lin failed to respond to the court's order to show cause, and, consequently, on August 8, 2002, Donald Lin's second complaint was dismissed. (CIV 01-1439, Doc. 13).

Shortly thereafter, Donald Lin requested that the court reopen the case and withdraw its order of dismissal. The court acceded to Donald Lin's request and, on October 22, 2002, the court reopened the case, but still required Donald Lin to show cause why he failed to properly serve the United States Attorney or the United States Attorney General. (CIV 01-1439, Doc. 15).

On October 8, 2002, shortly before the court's issuance of its order to show cause, Donald Lin filed a third lawsuit against Dr. James Roche in CIV 02-1264. A review of the complaint filed under that new docket number shows that it is identical to Donald Lin's prior two lawsuits.

On December 3, 2002, the district court dismissed Donald Lin's second complaint because he failed to respond to the court's order to show cause. (Civ. 01-1439, Doc. 16). The dismissal of the second complaint still left pending Donald Lin's third complaint, CIV 02-1264. However, on June 11, 2003, the district court ordered Donald Lin to show cause why that complaint should not be dismissed because of his failure to effect service within the time provided by Fed. R. Civ. P. 4(m). (CIV 02-1264, Doc. 8). Donald Lin responded that he served Attorney General Ashcroft. (CIV 02-

1264, Doc. 9). On December 4, 2003, the court dismissed Donald Lin's third complaint on the basis that he failed to demonstrate that he had effected service on the United States Attorney for the District of New Mexico as required by Fed. R. Civ. P. 4(i). (CIV 02-1264, Doc. 14).

On December 23, 2003, Donald Lin filed the present lawsuit, CIV 03-1460, which is the fourth in the series. The allegations in the present lawsuit are identical to those raised in Donald Lin's first, second and third lawsuits.

## Analysis

A party must generally exhaust administrative remedies as a prerequisite to filing suit in federal court under Title VII of the Civil Rights Act. Simms v. Okla. ex rel Dep't of Mental Health & Substance Abuse Servs., 165 F.3d 1321, 1326 (10th Cir.), *cert. denied*, 528 U.S. 815 (1999); Khader v. Aspin, 1 F.3d 968, 970 (10th Cir.1993). Thus, a plaintiff normally may not bring a Title VII action based upon claims that were not part of a timely-filed EEOC charge for which the plaintiff has received a right-to- sue letter. *See* Seymore v. Shawver & Sons, Inc., 111 F.3d 794, 799 (10th Cir.), *cert. denied*, 522 U.S. 935, 118 S.Ct. 342 (1997). To be timely, a plaintiff must file the charge with the EEOC within 180 days or with a state agency within 300 days of the complained-of conduct.

Additionally, federal employees who pursue judicial claims of discrimination are required to first exhaust administrative remedies in accord with applicable statutory provisions. Samson v. Civiletti, 632 F. 2d 860, 862 (10th Cir. 1980)("[B]efore an applicant can properly invoke the jurisdiction of the court under this statute, he must exhaust his administrative remedies"); Johnson v. Orr, 747 F.2d 1352, 1356 (10th Cir. 1984). The EEO complaint process for federal employees is governed by regulations promulgated by the EEOC, 29 C.F.R. § 1614, as well as the Commission's Management Directive 110. Both the C.F.R. and Management Directive contemplate initial

counseling as a first step in the exhaustion process. 29 C.F.R. § 1614.105 requires that the aggrieved employee consult with an agency counselor within forty-five days of the alleged discriminatory act. The counseling should be completed within thirty days unless the parties agree to an extension. A notice of final review is thereafter issued, and if the complainant is aggrieved, he/she may file a formal complaint of discrimination within fifteen days following receipt of the notice. The notice of final review signals the completion of the first stage of administrative review. 29 C.F.R. § 1614.106(b).

Once the complaint is filed, the agency has 180 days to conduct an investigation, obtain sworn statements, review relevant documents and produce a record. 29 C.F.R. § 1614.106(e)(2). While the matter is pending before the agency, the complainant is entitled to a hearing before an administrative law judge. 29 C.F.R. § 1614.109. Thereafter, the administrative law judge will issue a recommended decision to the agency. The agency in turn is required to issue its final decision within sixty days of the request for a decision without a hearing or within forty days of receiving the recommended decision from the administrative law judge. 29 C.F.R. § 1614.110. A complainant may not seek redress in federal district court until the passage of 180 days from the filing of the complaint. The time limits for seeking review are set out in 29 C.F.R. § 1614.407. This section provides:

> [A] complainant who has filed an individual complaint . . . is authorized . . . to file a civil action in an appropriate United States District Court:
>
>> (a) within ninety days of receipt of the final action on an individual or class complaint if no appeal has been filed;
>> (b) after 180 days from the date of filing an individual or class complaint if an appeal has not been filed and final action has not been taken;

> (c)  within ninety days of receipt of the Commission's
> final decision on an appeal;
> or
> (d)  after 180 days from the date of filing an appeal
> with the Commission if there has been no final decision
> by the Commission.

In <u>Bullard v. Lockheed Engineering Company</u>, CIV 93-830, slip op. (D.N.M. Feb. 28, 1994), Judge Howard Bratton discussed the 180-day requirement on claims pending before the EEOC.

> The purpose of the 180 day rule of 42 U.S.C. § 2000e-5(f)(1) is to promote conflict resolution through conciliation rather than litigation. <u>Trujillo v. State of Colorado</u>, 649 F.2d 823, 826 (10th Cir. 1981)(Cooperation and voluntary compliance preferred means of eliminating discriminatory employment practices . . . only if unable to secure conciliation agreement is a right to sue letter issued to complaining party.)  <u>see</u> <u>also</u> <u>Toledo v. Nobel-Sysco, Inc.</u>, 892 F.2d 1481, 1487 (10th Cir. 1989)("Title VII strongly encourages cooperative settlements as the primary means for resolving claims of discrimination.")

In <u>Bullard</u>, the court found that plaintiff's complaint, filed before 180 days, violated Congress' intent for administrative exhaustion, and therefore that the court lacked jurisdiction to consider a Title VII complaint.

In this case, Donald Lin abandoned his appeal prior to the elapse of 180 days and instead sought to proceed in federal court.  This decision, unfortunately, is fatal to Donald Lin's claim for relief.  A claimant may not abandon an appeal in favor of a suit in federal court.  Abandonment of the appeal constitutes failure to exhaust administrative remedies.  <u>Khader</u>, 1 F.3d at 971 (a complainant who abandons his or her claim before the agency has reached a determination has failed to exhaust administratively); <u>Knopp v. Magaw</u>, 9 F.3d 1478, 1479 (10th Cir. 1993)(district court lacked jurisdiction where plaintiff filed his action before 180 days expired from his filing with the EEOC); *see also* <u>Bullard</u>.

Here, it is undisputed that on July 20, 1998, Kirtland's EEO office dismissed Donald Lin's complaint. In August 1998, he appealed the dismissal to the Equal Employment Opportunity Commission, Office of Federal Operations, but filed his first lawsuit based on this same complaint on December 1, 1998, prior to the expiration of the 180-day waiting period.

Donald Lin's actions in this case parallel those occurring in Wright v. Henderson, 202 F.3d 284, 1999 WL 1127641 at *2 (10th Cir. Dec. 9, 1999)(plaintiff failed to exhaust his administrative remedies where he waited only 92 days instead of the required 180 days before filing his complaint in district court). In Wright v. Henderson, the court concluded that it lacked jurisdiction. Id.

The Court concludes that Donald Lin's actions comprise a failure to exhaust administrative remedies as required under the law. As exhaustion of administrative remedies is a jurisdictional prerequisite; thus, this Court lacks subject matter jurisdiction to entertain Donald Lin's lawsuit. Because a dismissal for lack of subject matter jurisdiction should be without prejudice, Strozier v. Potter, 71 Fed. Appx. 802, 2003 WL 21783813 at *1 (10th Cir. Aug. 4, 2003), Donald Lin's complaint will be dismissed without prejudice.[3]

IT IS THEREFORE ORDERED that Defendant Secretary of the Army James Roche's ("Roche") Motion to Dismiss [Doc. 6] is GRANTED and that Donald Lin's complaint is dismissed without prejudice.

                                             _____
                                             Lorenzo F. Garcia
                                             Chief United States Magistrate Judge

---

[3] Even though this dismissal is without prejudice, the Court, similar to Judge Conway in Donald Lin's prior lawsuit (CIV 98-1470), entreats Plaintiff not to waste additional valuable judicial resources in re-filing an action unless he honestly believes he can demonstrate a *prima facie* case of discrimination. (CIV 98-1470, Doc.35, p. 4.)